IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| SAMUEL HOWELL,<br><br>                Plaintiff,<br><br>v.<br><br>DEPARTMENT OF THE TREASURY and INTERNAL REVENUE SERVICE,<br><br>                Defendants. | MEMORANDUM DECISION AND ORDER GRANTING THE UNITED STATES' MOTION TO DISMISS<br><br><br>Case No. 1:19-CV-36-TS-EJF<br><br>District Judge Ted Stewart |

This matter is before the Court on a Motion to Dismiss by the United States of America (the "United States").[1] For the following reasons, the Court will grant the Motion.

I.     BACKGROUND

Plaintiff Samuel Howell ("Howell") alleges that he overpaid his federal taxes from 2013-2017 and is requesting a refund.[2] To support Howell's allegations, he attached five income tax returns that purportedly show that he "had, in fact, no tax liability for any of the Tax Years 2013, 2014, 2015, 2016, and 2017."[3] Howell's 2013 and 2014 amended returns show that he originally filed Form 1040 returns for those years and reported wages and claimed various deductions.[4] Howell's amended returns, however, show zero income and state "I did not receive any 'wages' as defined in Section 3401(a) and Section 3121(a). Also, no 'trade or business' activities were performed as defined in Section 7701(a)(26). The earnings originally reported are NOT based

---

[1] As a preliminary note, in lawsuits seeking a federal tax refund, the United States should be named as the Defendant—not the Department of Treasury or the Internal Revenue Service. *See* 26 U.S.C. § 7422(f).
[2] *See* Docket No. 1 ¶ 1.
[3] *Id.* ¶ 19.
[4] *See id.* at Ex. A–B.

on federal privileged activities."[5] Howell's 2015, 2016, and 2017 returns also show zero earnings.[6]

Howell corresponded with the IRS regarding his tax refund, but the IRS refused to process the returns.[7] In addition to this case, Howell also filed a Petition in the United States Tax Court regarding tax years 2015 and 2016.[8]

## II. MOTION TO DISMISS STANDARD

The United States seeks dismissal pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Federal courts are courts of limited jurisdiction and must have a statutory or Constitutional basis to exercise jurisdiction.[9] A court lacking jurisdiction must dismiss the case.[10] The party who seeks to invoke federal jurisdiction bears the burden of establishing that such jurisdiction is proper.[11]

"Generally, Rule 12(b)(1) motions . . . take two forms. First, a facial attack on the complaint's allegations as to subject matter jurisdiction questions the sufficiency of the complaint."[12] When reviewing a facial attack on the complaint, "a district court must accept the allegations in the complaint as true."[13] Under the second type, "a party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends."[14] The court "may not presume the truthfulness of the complaint's factual

---

[5] *Id.*
[6] *Id.* at Ex. C–E.
[7] *Id.* ¶¶ 18, 25–26.
[8] *See* Docket No. 10, at Ex. 1.
[9] *See Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002).
[10] *See United States v. Hardage*, 58 F.3d 569, 574 (10th Cir. 1995).
[11] *Montoya*, 296 F.3d at 955.
[12] *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995).
[13] *Id.*
[14] *Id.* at 1003.

allegations, [and] may allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdiction facts . . . ."[15]

III. DISCUSSION

The United States moves to dismiss on grounds that Howell's allegations are barred under the doctrine of sovereign immunity. Alternatively, the United States argues that this Court lacks jurisdiction over two of Howell's claims because jurisdiction resides in the United States Tax Court. Finally, the United States argues that Howell failed to state a claim upon which relief can be granted.

It is well settled that "[t]he United States may not be sued without its consent."[16] Any waiver of sovereign immunity "must be strictly construed in favor of the sovereign and may not be extended beyond the explicit language of the statute."[17] The United States, as a sovereign, "is immune from suit save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit."[18] Finally, "[a] waiver of sovereign immunity cannot be implied, but must be explicitly expressed."[19]

The United States has waived its sovereign immunity to allow taxpayers to file tax refund suits.[20] A taxpayer, however, must strictly comply with a waiver-statute's requirements in order for a court to have jurisdiction to entertain the suit.[21] 26 U.S.C. § 7422(a) states:

> [n]o suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or

---
[15] *Id.* (internal citation omitted).
[16] *Fostvedt v. United States*, 978 F.2d 1201, 1202 (10th Cir. 1992); *accord United States v. Dalm*, 494 U.S. 596, 608 (1990).
[17] *Fostvedt*, 978 F.2d at 1202.
[18] *Id.* at 1202–03 (internal quotation marks omitted) (alteration in original).
[19] *Id.* at 1203.
[20] *See* 28 U.S.C. § 1346(a)(1); 26 U.S.C. § 7422.
[21] *Green v. United States*, 880 F.3d 519, 532 (10th Cir. 2018); *Fostvedt*, 978 F.2d at 1202; *Martinez v. United States*, 595 F.2d 1147, 1148 (9th Cir. 1979).

collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

Accordingly, Treasury Reg. 301.6402-2(b)(1) states that a claim for recovery of an erroneously or illegally collected tax "must set forth in detail each ground upon which a credit or refund is claimed and facts sufficient to apprise the Commissioner of the exact basis thereof . . . ."[22] "Any legal theory not expressly or impliedly contained in the application for refund cannot be considered by a court in which a suit for refund is subsequently initiated."[23] The purpose of this rule is to bar "a taxpayer from presenting claims in a tax refund suit that 'substantially vary' the legal theories and factual bases set forth in the tax refund claim presented to the IRS."[24]

Here, the United States argues that Howell's 1040 and 1040X forms do not comply with Treasury Reg. 301.6402-2(b)(1) because Howell's justification for filing these zero-income returns is a frivolous, tax-defier argument that courts have consistently rejected.[25] This may be the case, but Howell's returns suffer from a separate, fatal flaw. Howell's returns do not set forth in detail each ground upon which a refund is claimed and are factually devoid. Specifically, Howell's justifications for the zero-income returns are that he "did not receive 'wages' as defined in Section 3401(a) and Section 3121(a)," "no 'trade or business' activities were performed as defined in Section 7701(a)(26)," and "[t]he earnings reported are not based on

---

[22] *See, e.g.*, *Green*, 880 F.3d at 532 (explaining that Treasury Reg. 301.6402-2(b)(1) and 26 U.S.C. § 7422(a) "bars a taxpayer from presenting claims in a tax refund suit that 'substantially vary' the legal theories and factual bases set forth in the tax refund claim presented to the IRS."); *Martinez*, 595 F.2d at 1148 (explaining that compliance with Treasury Reg. 301.6402-2(b)(1) is required to satisfy 26 U.S.C. § 7422(a)).
[23] *Green*, 880 F.3d at 532 (quoting *Lockheed Martin Corp. v. United States*, 210 F.3d 1366, 1371 (Fed. Cir. 2000)).
[24] *Id.* (quoting *Lockheed Martin Corp.* 210 F.3d at 1371).
[25] *See* Docket No. 10, at 6–7.

federal privileged activities."[26] These justifications are legal conclusions that are unsupported by legal reasoning or a factual basis, and therefore are insufficient to apprise the Treasury Commissioner of Howell's legal theories and factual bases. Howell has not complied with Treasury Reg. 301.6402-2(b)(1) and 26 U.S.C. § 7422(a), and therefore this Court lacks jurisdiction to address the merits of Howell's claims.

While the Court need not reach this issue, the United States argues that Howell's claims for 2015 and 2016 should be dismissed because the United States' Tax Court's jurisdiction over those claims divests this Court's jurisdiction. Under 26 U.S.C. § 7422(e), a district court loses jurisdiction when a taxpayer files a petition with the United States Tax Court.[27] Indeed, "[u]nder § 7422(e) [] a claimant is given the option of pursuing his suit in the District Court or in the Tax Court, but he cannot litigate in both."[28]

Here, the Court may judicially note that Howell filed suit in the United States Tax Court seeking a refund for his 2015 and 2016 tax payments.[29] Howell cannot litigate those claims there and attempt to litigate in this Court as well.

IV. CONCLUSION

Compliance with 26 U.S.C. § 7422(a), Treasury Reg. 301.6402-2(b)(1), and the Federal Rules of Civil Procedure are necessary for this Court to address Howell's claims. Howell's noncompliance with these requirements necessitates that this Court dismiss this case.

It is therefore

---

[26] Docket No. 1, at Ex. A.
[27] *See, e.g., Smith v. Comm'r of Internal Revenue*, 458 Fed. App'x. 714, 716 (10th Cir. 2012); *Russell v. United States*, 592 F.2d 1069, 1071 (9th Cir. 1979); *Wolfe v. U.S. Tax Court*, 513 F. Supp. 912, 914 (D. Colo. 1981) (concluding that the court lacked jurisdiction because the plaintiff was litigating his claim in the United States Tax Court).
[28] *Flora v. United States*, 362 U.S. 145, 166 (1960).
[29] *See* Docket No. 10, at Ex. 1.

ORDERED that the United States' Motion to Dismiss (Docket No. 10) is GRANTED.

DATED October 22, 2019.

BY THE COURT:

Ted Stewart
United States District Judge